A. WACHS & CO. v. SWEENEY.

(Circuit Court of Appeals, Third Circuit. February 4, 1913.)

No. 1,631.

1. SALES (§ 382*)—CONTRACTS—BREACH—EVIDENCE—ADMISSIBILITY.

    Where, in an action for the refusal by a buyer of five car loads of eggs to receive three car loads, after receiving and paying for two car loads, the issue was whether the two car loads received were "current receipts eggs," as stipulated in the contract of sale, and the evidence showed that the five car loads formed a part of a larger quantity accumulated in a cold storage warehouse and gathered from many sources of supply, evidence that the eggs composing the three car loads refused were "current receipts eggs," together with the price received on a sale thereof for the buyer's account, was admissible.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1096; Dec. Dig. § 382.*]

2. SALES (§ 381*)—BREACH BY BUYER—ACTION—EVIDENCE.

    A seller, who sold goods for the account of the buyer, refusing to accept them, and who sued for the loss sustained on the resale, must show the price received on the resale.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1095; Dec. Dig. § 381.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—REQUESTS—SUFFICIENCY.

    A requested instruction, in an action for breach of contract to purchase "current receipts eggs," inaccurate in the statement that "current

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

receipts eggs" meant "fresh eggs," while the jury under the evidence could not find that fact, was properly refused on that ground.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Gray, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; James B. Holland, Judge.

Action by Frank Sweeney against A. Wachs & Co. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Julius C. Levi and M. Hampton Todd, both of Philadelphia, Pa., for plaintiffs in 'error.

Samuel W. Cooper, of Philadelphia, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. This controversy arises in the following manner:

On January 18, 1911, Sweeney, a Chicago dealer in eggs, sold 5 car load lots "current receipts eggs" to Wachs & Co., the defendants, who were produce merchants of Philadelphia. The contract was signed in Chicago on the day named. Two cars left that city on the 19th, reached Philadelphia on the 24th, and were paid for on delivery. On the 25th the defendants telegraphed:

"Two cars run very bad; not like sample. Will not take other three cars."

Further communications passed between the parties, but the defendants persisted in their effort to rescind, and finally the plaintiff sold for their account the remaining three lots in Chicago at market prices. These prices were lower than in January, and by this suit he seeks to make good his loss. At the trial the defense was that the two cars contained a grossly large percentage of eggs that were moldy and otherwise unfit for sale. The ground was taken that the eggs were not "current receipts," and not only was the rescission of the contract defended, but a certificate against the plaintiff was asked for to compensate the defendants' loss. The vital question, therefore, was a question of fact: "Did the two cars contain current receipts eggs?" If they did, the whole defense fell to the ground, and the plaintiff was entitled to recover in full. This question the jury answered in the affirmative, and the verdict has therefore settled the dispute, unless material errors were committed in the conduct of the trial.

The plaintiff's theory was that this was a sale after inspection, and that the maxim of caveat emptor bound the defendants, no matter what the quality of the eggs may have been. The contract in full is this:

"1/18/1911.

"Frank Sweeney sells to A. Wachs & Co. 5 cars current receipts eggs stored in the Chicago C. S. & W. Co. Shipment 2 cars this week, Nos. 40006 and 40038; 3 cars shipment next week; the 5 cars to be selected by Mr. Fayer by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

19th of January, 1911, and accepted by him.  Messrs. A. Wachs & Co. agree to pay on arrival of goods.  Price 16½ c. per dozen at mark.

"[Signed]  Frank Sweeney.
"A. Wachs."

Fayer made the customary inspection; i. e., he examined certain cases taken at random from each of several car load lots (more than five), and out of these he selected and accepted five lots as satisfactory.  No attack was made upon his good faith or the adequacy of the inspection; but the defendants insisted that the transaction was in no sense a sale by inspection, but was a sale by sample—the corollary being that the rescission was justified because the goods did not come up to the sample.  The trial judge accepted the defendants' theory, and they are in no position to complain of his instructions on this subject.  It is true that an acute criticism of a few sentences in a careful and extended charge may disclose some inconsistency; but the charge as a whole is so plain and clear that its central thought could hardly have been misunderstood.  We do not believe that harm could have been done by an undesigned discrepancy that is not to be detected without some effort, even in cold blood.  Much of the defendants' argument in this court rests upon the unwarranted assumption that the two cars did not contain "current receipts eggs" at all, but a much inferior quality.  No doubt, if that assumption should be granted, the argument is not without force; but, as we have already pointed out, this was the vital fact in dispute, it was the precise question to which almost all of the evidence was directed, and it is only fair that the rulings of the learned judge should be examined in the light of that situation, and not in the light of the defendants' present assumption.

[1, 2] Certainly, as it seems to us, it was relevant in such an inquiry to prove that the eggs in the other three lots were "current receipts eggs."  These five lots formed part of a much larger quantity belonging to Sweeney that had accumulated in a cold storage warehouse and had been there for several months.  The mass had been gathered from many sources of supply, and we may reasonably suppose that its quality was generally uniform.  At least, such was probably the fact, and the likelihood would be properly reinforced by evidence that three out of the five lots measured up to the standard.  The testimony complained of was therefore admissible, its value being for the jury.  Moreover, it was relevant to show at what prices the three lots were sold.  If for no other purpose, this was competent, indeed it was essential, in order to show the amount of the plaintiff's loss; but the testimony was relevant also, because market price always has some bearing upon quality, and is often as good evidence on this subject as can be had.  The plaintiff, therefore, was properly permitted to prove the prices obtained for the three lots; and, if prices had gone down since January 18th, and if the falling market also offered a possible explanation why the defendants had repudiated the contract, that incidental result could not be avoided.

It may be admitted that there is some vigor about the learned judge's instructions concerning the value of some of the defendants' evidence, but we cannot say that he overstepped the line.  The books

that he excluded, declaring them to be unreliable, were not book entries at all; they were merely hearsay memoranda, and even as such they were not satisfactory.

[3] The defendants' sixth point was properly refused. Under the evidence the jury were not at liberty to find that "current receipts eggs" meant "fresh eggs," and this inaccuracy in the point justified the refusal.

Finding no material error in the record, the judgment is affirmed.

GRAY, Circuit Judge, dissents.